This is the first time in fourteen years that I've argued against an empty chair. It's an important case from the point of view of the Madison County State's Attorney's Office because this is the second time around that this defendant has been convicted of murder. The two issues in the case, unreasonable doubt, I'm going to make this quite brief and basically solicit questions. Unreasonable doubt, we had two accomplice witnesses whom we made deals with after the first conviction was reversed. The jury was entitled to believe them, but their testimony was strongly corroborated by the fact that the defendant was seen with the victim's car about an hour after the home invasion murder. The victim's work hat and vehicle registration were discarded by the defendant at that time, and about two hours after the murder, the defendant was seen with other perpetrators buying various items at Sears with the victim's credit card. So we have two occurrence witnesses whose testimony is strongly corroborated. So we not only passed the test of reasonable doubt, we actually have a very strong case here. Now, on the second issue, the defendant contends that the people should have turned over to them notes taken when interviewing one of those occurrence witnesses. Well, the Illinois Supreme Court rules and the Zabo decision, which both sides cite in this case, establish a procedure for that. If you want to get a hold of an attorney's notes made when interviewing a witness, you make a motion to do it. The judge examines the notes, decides if they're a work product on one hand or a substantially verbatim account of the witness's testimony on the other hand, and then the judge either does or does not turn over the notes. None of that was done here. There was no motion for discovery at all filed before the second trial. There was certainly no motion for in-camera inspection of the assistant state's attorney's notes, if indeed any exist. So for that reason, the issue was waived. Moreover, this particular occurrence witness didn't rely on his credibility because he had a long criminal record. He had admittedly lied in the past on numerous occasions to the police and to the court. He was a co-conspirator of getting a deal from the people in order to testify against this defendant. We didn't present him as a credible witness. He was thoroughly impeached at trial. We asked the jury to leave him simply because his testimony was so strongly corroborated. So it really didn't matter whether the defendant got any hypothetical and perhaps existent and perhaps nonexistent notes. So for these reasons, we ask that the conviction be affirmed. And I would simply ask if the court has any questions of me on the subject. I don't believe we do. Thank you.